IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20805
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

PEDRO MEZA-ROMAN,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-18-1
--------------------
June 15, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Meza-Roman appeals the 87-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326. He contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.

Meza-Roman acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 490; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001).  Meza-Roman's argument is foreclosed.

Meza-Roman also argues that his indictment does not charge an offense because it fails to allege any general intent on his part.  Meza-Roman's indictment, however, "fairly conveyed that [his] presence was a voluntary act from the allegations that he was deported, removed, and subsequently present without consent of the Attorney General."  <u>See</u> <u>United States v. Berrios-Centeno</u>, ___ F.3d ___ (5th Cir. Apr. 27, 2001, No. 00-20373), 2001 WL 435494 at *4.  Accordingly, his indictment sufficiently alleged the general intent required of 8 U.S.C. § 1326 offenses.  <u>See</u> <u>id.</u> at *2-*4.

AFFIRMED.